UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE HUGHES,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No.  16-cv-05681-JST |
| PATRICIA JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No:  16-cv-05686-JST |
| JOSEPH MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No:  16-cv-05710-JST |

| | |
|---|---|
| RHODORA CRISTOBAL,<br><br>        Plaintiff,<br><br>    v.<br><br>EQUIFAX, INC., et al.,<br><br>        Defendants. | Case No: 16-cv-06329-JST |
| GARY ERICKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No: 16-cv-06333-JST |
| MARY SIERRA,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No: 16-cv-06352-JST |
| KENNETH RECKELHOFF,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No: 16-cv-06379-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR CONSOLIDATION** |

Before the Court are several motions to consolidate filed by Defendants Experian Information Solutions, Inc. ("Experian") and Equifax, Inc. ("Equifax") in the above-captioned cases. The Court will grant the motions in part and deny the motions in part.

**I.    LEGAL STANDARD**

"If actions before the court involve a common question of law or fact, the court may: (1)

2

join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. Dist. Court, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 806–807 (N.D. Cal. 1989)).

## II.   ANALYSIS

Equifax and Experian jointly move to consolidate more than 170 cases currently pending in this district. Case No. 16-cv-05681, ECF No. 20.[1] They argue that consolidation is appropriate because "[a]ll of the cases assert the same causes of action based on the same legal theory"—namely, that credit reporting agencies and credit furnishers violate the Fair Credit Reporting Act ("FCRA") and the Consumer Credit Reporting Agencies Act ("CCRAA") when they continue to report debts according to their original terms after the Plaintiff has filed for Chapter 13 bankruptcy and had a reorganization plan confirmed. Id. As a result, they argue, consolidation will eliminate the risk of inconsistent results, prevent duplicative motion practice and discovery, and allow for efficient resolution of these cases. Id.

Chase Bank, USA N.A. ("Chase"), who is a co-defendant in two of the above-captioned cases, agrees that "these cases present many common legal issues capable of being resolved on a motion to dismiss" and "does not oppose coordinated treatment of these cases." Case No. 16-cv-06329, ECF No. 20. However, Chase points out that only the Executive Committee has the power to re-assign cases to a different judge for the purpose of consolidation. Id. Chase further argues that, if the preliminary common legal issue is decided in the Plaintiffs' favor at the motion to dismiss stage, the merits of each Plaintiff's claims will subsequently turn on case-specific facts. Id. Chase also expresses concern that consolidation would cause it to "incur significant costs

---

[1] Experian and Equifax jointly filed "a substantially identical motion to consolidate" in each of the above-captioned cases. Case No. 16-cv-5681, ECF No. 20, n. 2.

reviewing documents and discovery responses served by other parties in the other cases that have nothing to do with the claims asserted against a particular defendant." Id.

Wells Fargo Bank, N.A. ("Wells Fargo"), who is a co-defendant in four of the above-captioned cases, agrees that "the overarching theory presented by Sagaria Plaintiffs[2] is that debts included in confirmed Chapter 13 plans are being reported inconsistently with recommendations contained in the Consumer Reporting Resource Guide ("CRRG") because furnishers and [credit reporting agencies] are allegedly failing to reflect that the unpaid balances on accounts at issue are modified as a result of plan confirmation." Case No. 16-cv-05686, ECF No. 36. Wells Fargo argues that "[c]onsolidation for the purpose of dismissing all pending Sagaria Plaintiffs' complaints because of the Court's unequivocal rejection of this meritless theory would indeed be an appropriate result." Id. Wells Fargo nonetheless "opposes consolidation, both with regard to motions attacking the pleadings, and other substantive case handling." Id. Wells Fargo expresses concern that consolidation is inappropriate for the following reasons: (1) most of the discovery "would be irrelevant to Wells Fargo," who is a defendant in just fifty-three of the more than 170 cases; (2) "a single trial involving 170 plaintiffs and dozens of co-defendants" would create a risk of confusion and prejudice; and (3) consolidation "will unnecessarily risk the dissemination of consumer financial information to irrelevant parties." Id. "Wells Fargo does not oppose consolidation for the purposes of case management conference, hearing dates, and other scheduling matters that will not affect its ability to make case-specific, party-specific arguments attacking the pleadings and factual allegations." Id.

Plaintiffs' counsel "agrees that the cases primarily involve post confirmation credit reporting OR post discharge credit reporting" and "does not take issue with consolidation for efficiency purposes." Case No. 16-cv-05681, ECF No. 25 at 1.[3] However, Plaintiffs argue that there are nonetheless "subtle but legally significant differences that exist in these cases" and that "any consolidation that may be ordered would oversimplify the issue regarding the various types

---

[2] So named because Sagaria Law, P.C. represents the Plaintiff in each action.
[3] The Plaintiffs in each of the above-captioned cases filed substantially identical oppositions to the motions to consolidate.

of reporting that are addressed in the complaints and overlook the specific allegations that are made with respect to the data-furnishers as opposed to the credit reporting agencies." Id. at 4-5. Plaintiffs point to factors that vary from case to case, such as the type of debt involved, the terms of the plan, and what is actually being reported. Id. at 1.

At the outset, the Court notes that it does not have the power to consolidate cases pending before other judges in this district. Although there are exceptions to this rule, none of those exceptions are satisfied here; the Executive Committee has decided not to reassign all of these cases to a single judge for the purpose of consolidation, and the cases have not been related. See Civ. L.R. 3-3 ("The Clerk may not make or change any assignment, except as provided in these local rules or in the Assignment Plan."); Civ. L.R. 3-12 (allowing for reassignment if cases are related); General Order 44 (granting the Court's Executive Committee the power to review assignment orders). The Court therefore joins other judges in this district in denying the request to consolidate the more than 170 cases that are currently assigned to different judges. Gonzalez v. Experian Information Solutions, et al., Case No. 16-cv-05678-HSG, ECF No. 33 (January 4, 2017); Mamisay v. Experian Information Solutions, Inc., et al., Case No. 16-cv-05684-YGR, ECF No. 60 (January 25, 2017); Younger v. Experian Information Solutions, Inc., et al., Case No. 16-cv-06354-TEH, ECF No. 36 (January 31, 2017).

But the Court may consolidate the cases over which it presides. And the Court agrees with the parties[4] that the above-captioned cases share several common legal issues. For example, all of these cases ask the Court to decide whether a credit reporting agency or credit furnisher provides inaccurate information in violation of FCRA and the CCCRA when it reports the original terms of a debt after a bankruptcy plan has been confirmed, but before the debt has been discharged. The answer to this question turns, in part, on the legal effect that a bankruptcy plan confirmation has on the original terms of the debt. It also turns on whether credit reporting agencies are in a position to, and are required to, determine the legal status of the debt and report the debt as

---

[4] Ditech Financial, LLC, who is a defendant in Miller v. Experian Information Solutions, Inc. et al., Case No. 16-cv-05710, is the only party in the above-captioned cases that did not file any statement either in support of or in opposition to the motion for consolidation.

modified in the bankruptcy plan. The cases also raise a common legal question as to whether the failure to follow industry reporting guidelines is sufficient to support a FCRA claim. These preliminary questions regarding credit reporting agencies' and credit furnishers' obligations under FCRA and the CCCRA after plan confirmation are common to all of the above-captioned cases. This legal overlap is further evidenced by the substantially similar motion to dismiss briefing filed in the seven Sagaria cases pending in this Court. As a result, coordinated treatment will prevent duplicative motion practice, ensure consistent results, and reduce the burden on both the parties and this Court. Indeed, all parties support some form of coordination among the cases, at least with respect to these common legal issues.

The Court also acknowledges, however, that the merits of each Plaintiff's case could potentially turn on case-specific facts if the Plaintiffs' overarching legal theory survives a motion to dismiss, thus eliminating some of the benefits of consolidation and potentially causing prejudice and confusion. Therefore, consolidation for all purposes is not appropriate at this stage in the litigation.

In light of the foregoing considerations, the Court consolidates the seven cases to which it is assigned for pretrial purposes, without prejudice to the parties requesting – or the Court ordering on its own motion – consolidation for trial at a later date. Case No. 16-cv-05681-JST shall be the lead case and referenced in the caption of all pleadings. All documents shall be filed in the lead case. Unless otherwise ordered by the Court after a showing of good cause, all discovery taken in one action shall be admissible in all other actions. The parties are ordered to provide further

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

suggestions for the efficient management of these cases in the case managements they have already been ordered to file by April 3, 2017.

**CONCLUSION**

The Court consolidates the above-captioned cases for pretrial purposes.

IT IS SO ORDERED.

Dated:  March 13, 2017

_____
JON S. TIGAR
United States District Judge